[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DATE OF SENTENCE: NOVEMBER 1, 1996
DATE OF APPLICATION: NOVEMBER 1, 1996
DATE APPLICATION FILED: NOVEMBER 1, 1996
DATE OF DECISION: SEPTEMBER 28, 1999
Application for review of sentence imposed by the Superior Court, Judicial District of Fairfield, at Bridgeport.
Docket No. CR95-114459
Catherine Teitell, Esq., Defense Counsel, for Petitioner.
John Smriga, Esq., Assistant State's Attorney, for the State.
 BY THE DIVISION:
James DaEira, the petitioner, was convicted by a jury of the following crimes with the sentences imposed by the court:
1. Attempted Murder — 20 years;
 2. Attempted Larceny in the Second Degree (1996 Yamaha Roadrunner) — 10 years consecutive;
 3. Attempted Larceny in the Third Degree (1986 Nissan truck) — 5 years;
4. Carrying a Pistol Without a Permit — 5 years;
 5. Commission of a Class A, B or C felony with a Firearm[1] — 5 years consecutive;
6. Assault in the First Degree — 20 years;
 7. Conspiracy to Commit Larceny in the Second Degree — 5 years consecutive.
The trial court imposed a net effective sentence of 40 years to serve in the custody of the Commissioner of Corrections.
It is this sentence of 40 years that the petitioner seeks review.
The jury reasonably could have found the following facts:[2] on December 14, 1995, the victim was at the home of his fiancee's parents, which is located on Graham Street in Stratford. At approximately 2:30 a.m., the victim heard a noise and an alarm sounded almost immediately thereafter. The alarm belonged to a truck that was parked in the driveway. The victim looked out the window and saw two men running away.
The victim exited the home and pursued the two individuals. When the victim reached the corner of Graham Street and High Park Avenue, he saw the two men enter a parked automobile. After unsuccessful attempts to start the automobile, a man, later identified as the petitioner, exited the car and took several steps toward the victim. The petitioner raised his arm, and the victim saw a flash and heard a gunshot. The victim was struck in the leg by a bullet and retreated to the house while the CT Page 14874 petitioner fired four additional shots.
The victim informed the police giving a description of the suspect vehicle. Approximately four blocks from the location of the shooting a vehicle fitting the general description was observed by police. When the police activated the cruiser's strobe lights, the suspect vehicle accelerated and a chase ensued. The suspect vehicle struck a median and the three occupants abandoned the vehicle. The petitioner and one other were apprehended by police. The petitioner was later identified as the owner of the vehicle and as the driver.
At the sentence review hearing counsel for the petitioner made argument and submitted a memorandum in support of a reduction of sentence.
Counsel for petitioner emphasized that petitioner was from a close knit, stable, hardworking "old world" family. Counsel indicated that petitioner had no adult criminal record at the time of the incident, the petitioner was 18 years of age, and that he practiced good behavior in school. Counsel did indicate that the petitioner was on Youthful Offender probation at the time of the instant offense.
Counsel for petitioner indicated that when the perpetrator fired at the victim the perpetrator was 125 feet to 150 feet away from the victim and did not advance on the victim. Counsel for the petitioner indicated that the victim of the gunshot suffered no permanent injury. The state does not dispute the lack of any permanent injury to the victim.
Counsel for the petitioner stressed the minimal nature of the inchoate crimes of attempted larceny whereby the only damage was a "keyhole scratch" on the 1986 Nissan pick-up truck which was the subject of count 3. The situation was compounded by the fact that in the bed of the pick-up truck was another motor vehicle, a 1996 Yamaha Roadrunner, the subject of count 2. Counsel for petitioner claims, inter alia, that consecutive maximum sentences imposed on the Attempted Larceny in the Second Degree (count 2) and on the Conspiracy to Commit Larceny in the Second Degree (count 7) is excessive and disproportionate. Counsel cites model sentencing guidelines which disapprove of consecutive sentences when there is a "single criminal episode."
The Assistant State's Attorney countered by emphasizing that CT Page 14875 the petitioner and his colleague(s) were looking for a motor vehicle to steal and that when approached by the victim the petitioner shot the victim and continued to shoot as victim was retreating. Counsel indicated that the petitioner's attitude is not one of accepting responsibility, and is more in the nature of "Why is this happening to me?"
Pursuant to Connecticut Practice Book § 43-23 et seq., the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended."
The Division is without authority to modify sentences except in accordance with the provision of Connecticut Practice Book § 43-23 et seq. and Connecticut General Statute § 51-194
et seq.
In taking into consideration the facts and circumstances of this case, including the tender age of the petitioner at the time of the offense, his being diagnosed as learning disabled in school,[3] the lack of any prior criminal history violent in nature, the lack of any permanent injury to the victim, the sentences imposed on counts one and five (25 years incarceration) and the inchoate nature of the attempted larcenies, the Division is of the opinion that the consecutive sentences imposed on the Attempted Larceny in the Second Degree (count two) and the Conspiracy to Commit Larceny in the Second Degree (count seven) are disproportionate to others similarly situated.
By this decision, the Division in no way seeks to minimize the gravity of the matters before the trial court. The Division has the benefit of review of the sentences imposed on a statewide basis.
The consecutive sentences relevant to count 2 and to count 7 are to be served concurrently for a net effective sentence of 25 years incarceration.
Accordingly, it is the order of the Division that the matter be referred to the trial court for the imposition of a sentence not inconsistent with this decision. CT Page 14876
MIANO, J.
KLACZAK, J.
NORKO, J.
Miano, J., Klaczak, J. and Norko, J. participated in this decision.